UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOMINIQUE ROBINSON,

        Plaintiff,

v.                                     Case No. 24-cv-798-bhl

CO CARRINGTON, et al.,

        Defendants.

## SCREENING ORDER

Plaintiff Dominique Robinson, who is a pretrial detainee at the Milwaukee County Jail and representing himself, filed a complaint under 42 U.S.C. §1983, alleging that his civil rights were violated. This matter comes before the Court on Robinson's motion for leave to proceed without prepayment the filing fee, his motion for order to preserve video footage and medical call system, and for screening of the complaint. Dkt. Nos. 1-2, & 4.

**MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE**

Robinson has requested leave to proceed without prepaying the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. §1915(b)(1). Robinson has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. §1915(a)(2), and has been assessed and paid an initial partial filing fee of $35.87. The Court will grant Robinson's motion for leave to proceed without prepaying the filing fee.

**SCREENING OF THE COMPLAINT**

The Court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint

or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §1915A(b). In screening a complaint, the Court must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id*. at 555 (internal quotations omitted).

## ALLEGATIONS OF THE COMPLAINT

Robinson is a pretrial detainee at the Milwaukee County Jail. Dkt. No. 1 at 1. Defendants are Correctional Officer (CO) Carrington, CO Rupp, Wellpath Nurse Jane Does #1-5, Nurse Tammy, and Correctional Officers John Does #1-2. *Id*. at 1 & 5. Robinson's complaint involves

2

three separate incidents at the jail, one in November 2023 and the other two in June 2024. *Id*. at 2-8.

On November 13, 2023, CO Carrington refused to give Robinson his meal trays. *Id*. at 2-3. At around 3:00 p.m., Robinson pushed the emergency call button and told CO Carrington and CO Rupp that he was having a "medical emergency" from the denial of food—that he was feeling weak, light-headed, and had chest pains. *Id*. at 3. They did nothing to assist him and just continued looking at their computer screens. *Id*. Robinson pushed the emergency call button a few more times, as did other inmates on his cell block, but all of their calls were ignored by CO Carrington and CO Rupp. *Id*. At some point, Robinson passed out, and the next thing he knew, he was lying on the concrete floor in severe pain surrounded by nurses and correctional staff. *Id*. Robinson was taken in a wheelchair to the health services unit, where Nurse Katie gave him Tylenol, a boost drink, and an ice pack. *Id*. Later, Robinson complained to Nurse Katie that he had dizziness, sensitivity to light, severe pain in his head, neck, and back, memory loss, and migraines, but Nurse Katie provided no further treatment for those symptoms. *Id*. at 3-4. She even refused to complete a basic "concussion check," which could have been performed within jail facilities. *Id*. at 4. On December 4, 2023, after several more complaints about his medical condition, Robinson saw Nurse Lea, who told him that he was suffering from "post-concussion syndrome." *Id*. Nurse Lea prescribed Naproxen and physical therapy, but she refused to order a CT scan because it could not be performed at the institution, and she did not want to send him "off grounds for that process and procedure." *Id*. Nurse Lea claimed that Robinson's symptoms would soon fade, but they never did. *Id*. Robinson states that Wellpath Nurse Jane Does #1-5 provided ineffective medical care. *Id*. at 4-5.

About seven months later, on June 6, 2024, Nurse Tammy discontinued one of Robinson's prescription medications based on allegations of "cheeking"—failing to consume a prescription medication and instead hoarding it for later use. *Id*. at 5-6. Robinson offered to take a urine test or blood test to prove he was not "cheeking," but the offer was rejected, and his prescription was

3

nevertheless discontinued. *Id*. at 5. Due to the discontinuation, Robinson became "very stiff and locked up" and his right arm began experienced tingling and numbness. *Id*. On June 13, 2024, Robinson pressed the emergency call button four times in connection with these symptoms, and Correctional Officer John Does #1-2 allegedly refused to call the health services unit, telling him to sleep it off and fill out a medical form in the morning. *Id*. at 6. Robinson states that "this was all retaliatory and a result of my fi[]ling grievances and making complaints leading up to the filing of this lawsuit." *Id*. The nature of these complaints and grievances is unclear. Robinson does allege: (1) when he filed them; (2) who he filed them against; (3) what the grievances and lawsuits were about; and (4) whether Correctional Officer John Does #1-2 and/or Nurse Tammy received notice. *See id*. at 5-6. For relief, Robinson seeks monetary damages and injunctions. *Id*. at 10.

### THE COURT'S ANALYSIS

"To state a claim for relief under 42 U.S.C. §1983, a plaintiff must allege that he or she was deprived of a right secured by the Constitution or the laws of the United States, and that this deprivation occurred at the hands of a person or persons acting under the color of state law." *D.S. v. E. Porter Cty. Sch. Corp.*, 799 F.3d 793, 798 (7th Cir. 2015) (citing *Buchanan–Moore v. Cty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009)).

Robinson asks to proceed on Fourteenth Amendment denial of medical care claims against CO Carrington, CO Rupp, and "Wellpath Nurses Jane Doe #1-5" in connection with the November 13, 2023 fainting incident and aftermath and against Nurse Tammy in connection with her decision to discontinue a prescription medication on June 6, 2024. He also seeks to proceed with a First Amendment retaliation claim against John Doe #1-2 (and possibly also Nurse Tammy) in connection with their refusal to call the health services unit and to provide him with medical care on June 13, 2024.

To state a claim under the Fourteenth Amendment, Robinson must allege that he had an objectively serious medical condition and Defendants' response to the medical condition was objectively unreasonable. *Pittman v. Madison County*, 108 F.4th 561, 566 (7th Cir. 2024).

4

Specifically, Robinson must allege that Defendants' action was purposeful and intentional; and that Defendants failed to "take reasonable available measures to abate the risk of serious harm." *Id*. at 572. "The objective reasonableness of a decision to deny medical care…does not consider the defendant's subjective views about risk of harm and necessity of treatment. Instead, the proper inquiry turns on whether a reasonable officer in the defendant's shoes would have recognized that the plaintiff was seriously ill or injured and thus needed medical care." *Id.* at 570.

Robinson alleges that he suffered chest pains, dizziness, nausea, fainting, memory loss, and severe head, back, and neck pain in connection with the November 13, 2023 fainting episode and its aftermath. Robinson alleges that he told CO Carrington and CO Rupp about his chest pains, light-headedness, and weakness prior to his fainting episode, but they intentionally failed to call medical staff, and he thereafter fainted and experienced severe pain. He alleges that he told Nurse Katie and Nurse Lea that he additionally experienced dizziness, sensitivity to light, severe pain in his head, neck, and back, memory loss, and migraines, but they failed to listen to his medical complaints and intentionally refused to tweak his treatment plan even when he told them the current treatment plan was ineffective. Based on these allegations, the Court can reasonably infer that CO Carrington, CO Rupp, Nurse Katie, and Nurse Lea may have provided objectively unreasonable medical care. Accordingly, Robinson may proceed on a Fourteenth Amendment denial of medical care claim against CO Carrington, CO Rupp, Nurse Katie, and Nurse Lea in connection with the November 13, 2023 fainting incident and its aftermath at the Milwaukee County Jail.

Robinson did not name Nurse Katie and Nurse Lea as defendants in the caption of his complaint. His allegations suggest that they worked for Wellpath. *See* Dkt. No. 1 at 4-5. He names "Wellpath Doe #1-5" as defendants in the caption of the case, *see id*. at 1 & 5, but makes no specific factual allegations against the other three Jane Doe Wellpath nurses. The Court will therefore direct the Clerk's office to amend the caption to reflect that Nurse Katie and Nurse Lea

are defendants in the case and to dismiss "Wellpath Nurses Jane Doe #1-5" from the case based on his failure to allege specific facts against them sufficient to state a claim.

The Court will dismiss the remainder of the defendants and claims from this case under Rules 18 and 20. Robinson may join multiple defendants in a single case only if he asserts at least one claim against each defendant that arises out of the same events or incidents <u>and</u> involves questions of law or fact that are common to all the defendants. Fed. R. Civ. P. 20(a)(2); *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007); *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012) (joinder of multiple defendants in one case "is limited to claims arising from the same transaction or series of related transactions"). Robinson's first claim involves CO Carrington, CO Rupp, Nurse Katie, and Nurse Lea in connection with a November 13, 2023 fainting incident and its aftermath; his second claim involves Nurse Tammy in connection with her decision to discontinue a prescription medication seven months later, on June 4, 2023. That second incident is unrelated to the first. Likewise, Robinson' third claim, which involves Correctional Officers John Does #1-2 (and possibly Nurse Tammy) in connection with "retaliation" for lawsuits he alleged filed on unknown dates. That claim is also unrelated to the first claim. Robinson does not allege any overlapping defendants, facts, or legal issues between his first claim and his other two claims. This violates Rules 18 and 20, and the Court will dismiss the improperly joined defendants from this case. *See Owens v. Hinsley*, 635 F.3d 950, 952 (7th Cir. 2011) (noting that when a complaint violates Rules 18 and 20, the Court must reject the complaint "either by severing the action into separate lawsuits or by dismissing the improperly joined defendants."). Robinson may file a different lawsuit against Nurse Tammy and Correctional Officer John Does #1-2 in connection with the June 2024 incidents, but that will require Robinson to pay a separate filing fee. *See George*, 507 F.3d at 607.

Finally, the Court will deny as unnecessary Robinson's "motion for order to preserve video footage and medical call system." *See* Dkt. No. 4. Parties have a general discovery obligation to preserve electronic evidence upon notice of a lawsuit. *See* Fed. R. Civ. P. 37(e). An order from

the Court is unnecessary; and the Court is not involved in the process to preserve discovery evidence anyway. Robinson should direct any requests to preserve evidence to his institution. If Robinson does not know the process to request preservation of evidence at his institution, he should ask the institution's litigation coordinator for more information.

### CONCLUSION

The Court finds that Robinson may proceed on a Fourteenth Amendment denial of medical care claim against CO Carrington, CO Rupp, Nurse Katie, and Nurse Lea in connection with the November 13, 2023 fainting incident and its aftermath at the Milwaukee County Jail.

**IT IS THEREFORE ORDERED** that Robinson's motion for leave to proceed without prepayment of the filing fee (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that Robinson's motion for order to preserve video footage and medical call system (Dkt. No. 4) is **DENIED as unnecessary**.

**IT IS FURTHER ORDERED** that Correctional Officer John Does #1-2, Wellpath Nurses Jane Does #1-5, and Nurse Tammy are **DISMISSED** from the case. The Clerk is directed to amend the caption to reflect that Nurse Katie and Nurse Lea are defendants in this case.

**IT IS FURTHER ORDERED** that pursuant to the informal service agreement between Milwaukee County and this Court, copies of Robinson's complaint and this order are being electronically sent today to Milwaukee County for service on CO Carrington, CO Rupp, Nurse Katie, and Nurse Lea.

**IT IS FURTHER ORDERED** that, pursuant to the informal service agreement between Milwaukee County and this Court, CO Carrington, CO Rupp, Nurse Katie, and Nurse Lea shall file a responsive pleading to the complaint within **sixty days** of receiving electronic notice of this order.

**IT IS FURTHER ORDERED** that the agency having custody of Robinson shall collect from his institution trust account the **$314.13** balance of the filing fee by collecting monthly payments from Robinson's prison trust account in an amount equal to 20% of the preceding

month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Robinson is transferred to another institution, the transferring institution shall forward a copy of this Order along with Robinson's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that copies of this order be sent to the Milwaukee County Sheriff and to Office of the Sheriff, Fiscal Operations Rm 224, 821 W State Street, Milwaukee, WI 53233.

**IT IS FURTHER ORDERED** that the parties may not begin discovery until after the Court enters a scheduling order setting deadlines for discovery and dispositive motions.

**IT IS FURTHER ORDERED** that plaintiffs who are inmates at Prisoner E-Filing Program institutions must submit all correspondence and case filings to institution staff, who will scan and e-mail documents to the Court. The Prisoner E-Filing Program is mandatory for all inmates of Green Bay Correctional Institution, Waupun Correctional Institution, Dodge Correctional Institution, Wisconsin Secure Program Facility, Columbia Correctional Institution, and Oshkosh Correctional Institution. Plaintiffs who are inmates at all other prison facilities must submit the original document for each filing to the Court to the following address:

> Office of the Clerk
> United States District Court
> Eastern District of Wisconsin
> 362 United States Courthouse
> 517 E. Wisconsin Avenue
> Milwaukee, Wisconsin 53202

PLEASE DO NOT MAIL ANYTHING DIRECTLY TO THE COURT'S CHAMBERS. It will only delay the processing of the matter.

Robinson is further advised that failure to make a timely submission may result in the dismissal of this action for failure to prosecute. In addition, the parties must notify the Clerk of

Court of any change of address. Failure to do so could result in orders or other information not being timely delivered, thus affecting the legal rights of the parties.

Enclosed is a guide prepared by court staff to address common questions that arise in cases filed by prisoners. Entitled "Answers to Prisoner Litigants' Common Questions," this guide contains information that Plaintiff may find useful in prosecuting this case.

Dated at Milwaukee, Wisconsin on September 16, 2024.

s/ *Brett H. Ludwig*<br>
BRETT H. LUDWIG<br>
United States District Judge