UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

DOMINIQUE DARNELL ROBINSON,

Plaintiff,

v.                                                          Case No. 24-cv-0798-bhl

DEWAYNE CARRINGTON et al.,

Defendants.

## DECISION AND ORDER

Plaintiff Dominique Darnell Robinson is representing himself in this 42 U.S.C. §1983 case. Discovery is closed, and the Defendants have moved for summary judgment. On May 6, 2026, Robinson filed a "motion for sanction[s] for Defendants denying open records request pursuant to 19.37(2)(b), (3) [sic] and for spoliation of evidence." Dkt. No. 71. The County Defendants responded to Robinson's motion on May 27, 2026 and later filed an amended response, clarifying the appropriate legal standard, on June 4, 2026. Dkt. Nos. 87, 92. Robinson has not filed a reply. For the reasons explained below, the Court will deny the motion.

Robinson asserts that he "was denied an open records request" on several occasions when he submitted requests through a kiosk at the Milwaukee County Jail that "all DVR (digital video recordings), medical call system recordings and evidence be preserved for future litigation purposes." He further asserts that "the defendants" destroyed video evidence that supported his legal claims. He requests $150,000 as a sanction.

Robinson's motion must be denied for the simple reason that none of the Defendants received or knew of the preservation requests because the requests were handled by other individual jail staff members, not the Defendants in this action. Moreover, the Defendants, who are corrections officers and health care staff, did not have the authority, ability, or opportunity to prevent the video from being overwritten pursuant to the jail's retention policies. The County Defendants explain that they did not learn of Robinson's lawsuit until after the video had already been overwritten pursuant to policy.

Finally, Robinson has also not shown that he suffered any prejudice from the alleged destruction of the video. According to the County Defendants, the video would have shown only the hallway outside of Robinson's cell. The County Defendants concede that Robinson was likely not given an afternoon meal on the day at issue, so it appears that the video would show nothing more than what the County Defendants already acknowledge. Robinson's communications with jail staff and his alleged fainting episode occurred within his cell, and there is no video of that area. Accordingly, it is unclear what evidentiary value the "missing" video would have.

For all these reasons, Robinson's motion will be denied. *See Trover v. Oglesby*, No. 24-1733, 2026 WL 457254, at *4-5 (7th Cir. Feb. 18, 2026); *Norman-Nunnery v. Madison Area Tech. College*, 625 F.3d 422, 428 (7th Cir. 2010) ("The crucial element in a spoliation claim is not the fact that the [evidence was] destroyed but that [it was] destroyed for the purpose of hiding adverse information."); *Park v. City of Chicago*, 297 F.3d 606, 615 (7th Cir. 2002) (the "crucial element" in a spoliation claim is "the reason for the destruction").

**IT IS THEREFORE ORDERED** that Robinson's motion for sanctions (Dkt. No. 71) **DENIED**.

**IT IS FURTHER ORDERED** that the County Defendants' motion for leave to file an amended brief in opposition to the motion for sanctions (Dkt. No. 92) is **GRANTED**.

Dated at Milwaukee, Wisconsin this 18th day of June, 2026.

BY THE COURT:

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

2