DOMINIQUE DARNELL ROBINSON,

Plaintiff,

v.

Case No. 24-cv-0798-bhl

DEWAYNE CARRINGTON et al.,

Defendants.

## DECISION AND ORDER

Plaintiff Dominique Darnell Robinson is representing himself in this 42 U.S.C. §1983 case. Discovery has been closed since February 24, 2026. On March 24, 2026, Defendants Nurse Katie and Nurse Lea filed a motion for summary judgment. That motion is fully briefed. On May 14, 2026, Defendants Dewayne Carrington and Josh Rupp separately filed a motion for summary judgment. At Robinson's request, the Court extended his deadline to respond to the motion to July 24, 2026. On July 6, 2026, a couple of weeks before his response materials were due, Robinson filed a motion for leave to amend his complaint, to which Carrington and Rupp timely responded. A couple weeks later, just a few days before his response materials were due, Robinson filed a motion for an extension of time to file a motion for reconsideration and a motion for an order directing his institution to increase his legal loan. For the reasons explained below, the Court will deny Robinson's motions.

First, as to Robinson's motion for leave to file an amended complaint, the Court will deny the motion because Robinson did not comply with Civil L. R. 15, which requires a plaintiff to reproduce the entire amended complaint without reference to the original complaint, state in the motion the specific changes sought in the proposed amendment, and file the proposed amended complaint as an attachment to the motion. Robinson has failed to comply with these requirements, so his motion is denied. Moreover, even if Robinson had complied with the local rule, the Court would not permit him to amend his complaint at this late stage because the proposed amendments described in his motion are futile and would unduly delay this case.

The general rule is that courts must freely permit plaintiffs to amend their complaints, but that rule has limits. "District courts may deny leave to amend . . . where there is a good reason to do so, such as futility, undue delay, prejudice, or bad faith." *White v. Woods*, 48 F.4th 853, 860 (7th Cir. 2022) (citations omitted). Here, Robinson seeks to add claims against two individuals who allegedly failed to preserve video evidence and two additional nurses who allegedly failed to perform a "concussion protocol" on the night he fainted. It would be futile to allow Robinson to amend his complaint to include allegations against the individuals who did not preserve video at his request because there is no constitutional right to the preservation of evidence in civil rights litigation. *See Farrar v. Yamin*, 261 F. Supp. 2d 987, 991-92 (N.D. Ill. 2003); *Davila v. Kallie*, No. 17-CV-1756-JPS, 2018 WL 1211211, at *3 n. 2 (E.D. Wis. Mar. 8, 2018).

With regard to Robinson's purported claims against the two nurses, Robinson does not explain why he waited until nearly five months after discovery closed and nearly four months after two other nurses moved for summary judgment before he sought leave to amend his complaint to include claims that are nearly identical to the claims against Nurse Katie and Nurse Lea. Discovery is closed, and both sets of Defendants have moved for summary judgment. Indeed, one summary judgment is fully briefed and ready for the Court's decision. The Court will not delay resolution without good cause to do so. Robinson has not provided *any* cause, let alone good cause, to introduce new claims against new defendants at this late stage, so even if he had complied with Local Rule 15, the Court would have denied his motion.

The Court will also deny Robinson's motion for an extension of time to file a motion for reconsideration. On June 18, 2026, the Court denied Robinson's motion for sanctions, which Robinson asserts he would like the Court to reconsider. But rather than filing a motion for reconsideration, Robinson instead filed a motion for more time to file a motion for reconsideration. Rule 54(b) allows a court to reconsider any decision at any time before it enters final judgment. Accordingly, the Court will deny Robinson's motion to extend the deadline because there is no "deadline" by which he must file a motion for reconsideration. The Court will deny his motion for an extension of time to file a motion to appoint counsel for the same reason. Robinson is advised that the Court believes he has the capacity to respond to Carrington and Rupp's summary judgment motion.

Finally, the Court will deny Robinson's motion for an order directing the institution to increase his legal loan. Plaintiffs do not have a constitutional entitlement to subsidy to prosecute

2

their lawsuits. *Lindell v. McCallum*, 352 F.3d 1107, 1111 (7th Cir. 2003) (citing *Lewis v. Sullivan*, 279 F.3d 526, 528 (7th Cir. 2002)). Like all civil litigants, a prisoner must decide which of his legal actions are important enough for him to fund, and he must be careful to budget his limited resources. *Id*. The Court of Appeals for the Seventh Circuit has advised that an institution's provision of legal loans is "a matter strictly between [a prisoner] and Wisconsin, and not any business of the federal courts." *Id*. "The court cannot override state policy and procedures on such matters." *McCalla v. Thompson*, Case No. 18-cv-1895, 2019 WL 3220551, *2 (E.D. Wis. July 17, 2019). Accordingly, the Court will deny Robinson's motion for an order that his institution increase his legal loan.

The Court will, however, grant his motion to extend his deadline to respond to Carrington and Rupp's summary judgment motion. Robinson must file his materials in response to the motion by August 24, 2026. This is the second extension that the Court has granted, and it will not further extend this deadline absent a showing of *extraordinary* circumstances. Robinson's decision to use his limited resources to file numerous meritless motions does not justify further delaying resolution of Defendants' motions. Robinson is cautioned to use his time and resources wisely.

**IT IS THEREFORE ORDERED** that Robinson's motion to amend the complaint (Dkt. No. 100), his motion for an extension of time (Dkt. No. 101), and his motion for an order directing his institution to increase his legal loan (Dkt. No. 102) are **DENIED**.

**IT IS FURTHER ORDERED** that Robinson's motion to extend his deadline to respond to Carrington and Rupp's summary judgment motion (Dkt. No. 104) is **GRANTED**. Robinson must file his response materials by **August 24, 2026**. If he does not do so, the Court will decide the motion without his input.

Dated at Milwaukee, Wisconsin this 23rd day of July, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge

3