UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

DOMINIQUE DARNELL ROBINSON,

Plaintiff,

v. Case No. 24-cv-0798-bhl

DEWAYNE CARRINGTON et al.,

Defendants.

---

**DECISION AND ORDER**

---

Plaintiff Dominique Darnell Robinson, a prisoner at the Jackson Correctional Institution, is representing himself in this 42 U.S.C. §1983 case. On September 24, 2026, the Court granted Defendants' summary judgment motions and dismissed this case. In doing so, the Court noted, in part, that Robinson had not responded to the Defendant correctional officers' proposed statement of undisputed facts. Accordingly, pursuant to Civil L. R. 56(b)(4) and consistent with the Court's prior warnings, the Court deemed admitted the uncontroverted facts. This turns out to have been incorrect; Robinson did in fact respond to the Defendant correctional officers' proposed facts, but they were buried in a confused filing that the clerk failed to docket. Robinson has now moved for reconsideration, asserting that he had included responses to the proposed facts along with the rest of his response materials. Robinson also seeks appointment of counsel and has filed a notice of appeal. Although this Court's jurisdiction is limited by Robinson's filing of a notice of appeal, the Court will correct the docket and, because the correction ultimately has no impact on the Court's summary judgment ruling, will deny Robinson's motion for reconsideration and his motion to appoint counsel.

Robinson filed a notice of appeal on November 5, 2026. It is well settled that a timely notice of appeal divests the district court of jurisdiction over those aspects of the case involved in the appeal. *Henry v. Farmer City State Bank*, 808 F.2d 1228, 1240 (7th Cir. 1986). Whether Robinson's notice of appeal was timely is at this point uncertain. Robinson's motion for reconsideration is dated October 22, 2026 (28 days after the entry of final judgment). The Court

did not receive that motion until October 28, 2026 (34 days after the entry of judgment). The envelope in which the motion arrived is postmarked October 26, 2026 (32 days after the entry of judgment). Dkt. Nos. 119, 119-1. If Robinson deposited the motion in the prison's mail system on the day he dated it, and prison officials simply delayed processing the mail, Robinson's time to appeal would have been tolled until the Court entered an order disposing of the motion. *See* Fed. R. App. P. 4(a)(4)(A). But Robinson did not include a declaration or notarized statement "setting out the date of deposit and stating that first-class postage [was] prepaid" as required by Fed. R. App. P. 4(c)(1)(A)(i). *See Edwards v. U.S.*, 266 F.3d 756, 758 (7th Cir. 2001) (holding that the mailbox rule in Fed. R. App. P. 4 applies to motions filed under Rule 59(e)). Without the required declaration, the Court cannot, at this time, conclude that the time for Robinson to file a notice of appeal was tolled or that his notice of appeal was timely.

Drawing all inferences in Robinson's favor, the Court will proceed under the assumption that Robinson's notice of appeal was timely and the Court therefore no longer has jurisdiction over those aspects of the case involved in the appeal. Even with this limitation, the Court may act "in aid of the appeal, to correct clerical mistakes under Fed. R. Civ. P. 60(a), or in aid of execution of judgment that has not been stayed or suspended." *Henry*, 808 F.2d at 1240. Indeed, Fed. R. App. P. 10(e) expressly permits the Court to correct the record "[i]f anything material to either party is omitted from or misstated in the record by error or accident . . . ." The Court will exercise this authority to correct the docket to address the docketing error identified in Robinson's motion for reconsideration.

In requesting reconsideration, Robinson asserts that "[his] response to the defendant's proposed statement of facts were somehow lost." Dkt. No. 119 at 3. He swears "under penalty of perjury pursuant to 28 U.S.C. §1746" that he mailed his responses to the Defendant correctional officers' proposed statement of facts along with his other response materials "on August 10th 2026." *Id.* at 1. Given these assertions, the Court asked the Clerk to check the Court's paper file to confirm that all documents received from Robinson in response to the Defendant correctional officers' summary judgment motion had been docketed. After doing so, the Clerk reported that, due to a clerical oversight, Robinson's responses to the Defendant correctional officers' statement of facts were not in fact docketed. This is the type of mistake that Fed. R. Civ. P. 60(a) and Fed. R. App. P. 10(e) authorize this Court to correct to aid the pending appeal. Accordingly, the Court will order that the record be corrected and that Robinson's responses to the Defendant correctional

officers' statement of facts be docketed as having been received on August 31, 2026, when Robinson's other materials were received by the Court.

Although Robinson's implied motion to correct the record will be granted, the Court will deny his motion for reconsideration. *See* Fed. R. Civ. P. 62.1(a). Under Fed. R. Civ. P. 59(e), a party may move to alter or amend a judgment within 28 days of the entry of judgment. A Rule 59(e) motion may be granted only if a party can "clearly establish" either newly discovered evidence or a manifest error of law or fact warranting relief. *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (citations omitted). A party may also seek relief from a final judgment under Rule 60(b). "Rule 60(b) provides for extraordinary relief and may be invoked only upon a showing of exceptional circumstances." *Peacock v. Board of School Comm'rs*, 721 F.2d 210, 213 (7th Cir. 1983) (citations omitted). Importantly, under Fed. R. Civ. P. 61, "[u]nless justice requires otherwise, no . . . error by the court . . . is ground for . . . vacating, modifying, or otherwise disturbing at judgment or order. At every stage of the proceeding, the court must disregard all errors and defects that do not affect any party's substantial rights."

Here, although the Court acknowledges that due to a clerical error, it deemed what it believed to be uncontroverted facts admitted, Robinson was not harmed by the error. In granting the Defendant correctional officers' motion for summary judgment, the Court did *not* consider Robinson's responses to the Defendant correctional officers' version of events, but it *did* consider his version of events as set forth in his own proposed statement of facts. *See* Dkt. No. 107; Dkt. No. 114 (citing Dkt. No. 112, the Defendant correctional officers' response to Robinson's proposed findings of fact which, as required by the local rules, reproduce each of Robinson's proposed facts). Indeed, although Robinson asserts that his responses were not docketed, he does not identify any response that would have impacted the Court's analysis. Nor could he. The Court has compared Robinson's responses and his own statement of facts and has confirmed that there is no assertion in his responses that is not also included in his own statement of facts. Accordingly, the Court has already considered the information included in the erroneously omitted responses and Robinson was not harmed by the docketing error. His motion for reconsideration must therefore be denied.

The Court will also deny Robinson's motion to appoint counsel. This case is closed, and the Court has been divested of jurisdiction. If Robinson believes he lacks the capacity to represent himself on appeal, he must file his motion in the appellate court, not this Court.

**IT IS THEREFORE ORDERED** that the clerk's office is directed to correct the record and docket Robinson's "Opposition Statement of Facts to Defendant's Summary Judgment Statement of Facts." The clerk's office shall forward a certified supplemental record to the Court of Appeals.

**IT IS FURTHER ORDERED** that Robinson's motion for reconsideration (Dkt. No. 119) and his motion to appoint counsel (Dkt. No. 121) are **DENIED**.

Dated at Milwaukee, Wisconsin this 16th day of November, 2026.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
Chief United States District Judge